UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Laurel A. Burkholder,                                                 Case No. 3:20-cv-664

        Plaintiff

    v.                                                        MEMORANDUM OPINION
                                                               AND ORDER

Commissioner of the
Social Security Administration,

        Defendant

## I.     INTRODUCTION

Before me is the Report & Recommendation ("R & R") of Magistrate Judge Carmen E. Henderson. (Doc. No. 19). Judge Henderson recommends I affirm the final decision of the Defendant Commissioner of the Social Security Administration denying Plaintiff Laurel A. Burkholder's application for disability insurance benefits. Burkholder timely filed objections to Judge Henderson's R & R, (Doc. No. 20), and the Commissioner responded. (Doc. No. 21).

## II.     BACKGROUND

Currently in dispute is the ALJ's second decision on Burkholder's claim to benefits and, more specifically, the ALJ's findings in that decision related to Burkholder's lumbar degenerative disc disease. I will confine my discussion here to background of that limited issue.

When Burkholder initially applied for benefits, she alleged that the following physical and mental conditions limited her ability to work: headaches, confusion, and disorientation. (Doc. No. 14 at 213). Subsequently, through counsel in her February 20, 2017 pre-hearing brief, Burkholder listed several other documented medical impairments. (*Id.* at 270). Though Burkholder now cites

medical records pre-dating the ALJ's first decision that showing a long history of back pain including a surgery in 2001, she did not state any impairment related to her back in the 2017 brief. (*Compare* Doc. No. 14 at 270-71 *with* Doc. No. 15 at 3 (citing medical evidence)).

The first time Burkholder alleged any impairment related to her back was in her second pre-hearing brief submitted on October 19, 2019, before the ALJ conducted the second hearing. (Doc. No. 14 at 864-67). There, she listed lumbar degenerative disc disease as a documented impairment. (*Id.* at 864). While medical evidence of this additional impairment was introduced into the record, a medical opinion regarding the functional limitations caused by the impairment was not.

At the hearing, Burkholder's attorney, who continues to represent her here, did not discuss her lumbar degenerative disc disease. Instead, he affirmed his belief that Burkholder's "case boils down to her headaches" – "the severity and the frequency of her headaches … I believe [are] work preclusive" – and solicited testimony from Burkholder about her headaches and mental health. (*Id.* at 654, 661-64). The only mention of her lumbar degenerative disc disease during the hearing was during the ALJ's examination of Burkholder. This exchange is stated here in full:

> Q First of all, have you -- I do see that you have been diagnosed with lumbar degenerative disc disease and that you've had some treatment for that since the last time you were in front of me, correct?
> A Yes, ma'am.
> Q Are you still experiencing back pain?
> A Much, much less. Occasionally but not like it was.
> Q Does it come and go now?
> A I've lost a significant amount of weight and that's helped a lot with the pressure on my back.
> …
> Q Now the nature of the back pain, does that come and go or is it constant?
> A Anymore it's just very sporadic. I mean –
> Q Are there certain activities that bring it on?
> A Yes. Standing for long periods, sitting on like the floor, and certain ways that I lay in bed. Like if I lay on my stomach completely.
> Q What do you consider to be standing for a long period?
> A Like if I stand and do dishes and like especially if I have a lot of dishes to do, I notice it a lot or if I'm cooking for a while. But it's not anything that, you know -- you know a couple Tylenol doesn't help. Way less than --

2

> Q How long can you normally tolerate standing before it becomes too much of an issue for you?
> A Probably an hour, I would say.
> Q Do you think the headaches are more of a problem for you than the back pain?
> A Oh, yes.

(*Id.* at 655-56).

Following the hearing, the ALJ issued her decision finding Burkholder's lumbar degenerative disc disease was a "severe impairment" that "reduced the claimant to work at the light exertional level." (*Id.* at 627, 639). Concluding Burkholder had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b)," the ALJ explained:

> [A]dditional evidence received at the hearing level, indicates that the claimant was diagnosed with degenerative disc disease of the lumbar spine, for which she underwent conservative treatment modalities. The undersigned [h]as reduced the claimant to work at the light exertional level taking this into consideration, but no further reduction in exertional level is warranted considering the evidence. During the hearing, she reported that she routinely exercises, which has helped reduce her headache intensity/frequency, and she reported that she lifts from 10 to 40 pounds. Additionally, subsequent examination findings note that she displayed pain and tenderness in the lumbar spine with range of motion and had positive straight leg findings. However, she was routinely noted to have 5/5 strength throughout and walked with a normal gait. These additional findings support the undersigned's findings that the claimant is limited to a light exertional level of work with the additional postural and environmental limitations included herein due to her combined impairments.

(*Id.* at 630, 639).

Burkholder now asserts the ALJ failed to adequately develop the record related to her lumbar degenerative disc disease.

### III.  STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a determination by the Commissioner of Social Security under the Social Security Act, a district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); 42 U.S.C. § 405(g).

The district judge "may not reverse a decision supported by substantial evidence, even if [he] might have arrived at a different conclusion." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005). Still, a district judge must reverse even a decision supported by substantial evidence "where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

Importantly, a district judge "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)) (alteration added by *Fleischer*). "[T]he Court's obligation is to review the ALJ's rationale, not invent a

4

new one or speculate as to how the ALJ might have reached her conclusion." *Freeze v. Comm'r of Soc. Sec.*, No. 18-12960, 2019 WL 4509130, at *2 (E.D. Mich. Sept. 19, 2019).

## IV. DISCUSSION

Relying on *Deskin v. Commissioner of Social Security*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008), Burkholder maintains that the ALJ was required to solicit additional medical expertise to opine on the functional limitations caused by her lumbar degenerative disc disease. She argues that without such a medical opinion, a subsequent reviewer cannot determine whether substantial evidence supports the ALJ's RFC determination that her lumber degenerative disc disease limited her to performing light work and must conclude the ALJ improperly interpreted raw medical data into functional limitations. I disagree.

In *Deskin*, Magistrate Judge William H. Baughman, Jr. held:

> As a general rule, where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing. This responsibility can be satisfied without such opinion only in a limited number of cases where the medical evidence shows "relatively little physical impairment" and an ALJ "can render a commonsense judgment about functional capacity."

605 F. Supp. 2d at 912 (quoting *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996)).

Following criticism of this rule, Judge Baughman clarified that the "general rule" was "a narrow rule that does not constitute a bright-line test[,] … potentially appl[ying] only when an ALJ makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that does not include consideration of a critical body of objective medical evidence." *Kizys v. Comm'r of Soc. Sec.*, No. 3:10CV25, 2011WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011). With that, Judge Baughman reiterated the rule that "[t]he ALJ retains discretion to impose work-related limitations without a proper source opinion where the medical evidence shows relatively little

5

physical impairment and an ALJ can render a commonsense judgment about functional capacity." *Id.* (internal quotation marks omitted).

Despite this clarification, Judge Baughman has acknowledged "[t]he holding in *Deskin* has unfortunately been widely misunderstood." *Harris v. Commissioner of Social Security*, No. 1:14CV1213, 2015 WL 4984940, at *2 (N.D. Ohio Aug. 19, 2015). In *Harris*, Judge Baughman rejected the claimant's argument that remand was required under *Deskin* "so that any limitations imposed by her carpal tunnel syndrome can be determined by a medical source" because "the ALJ had evidence - in the form of the claimant's own testimony and behavior - showing that the functional effects of the carpal tunnel syndrome were less severe than claimed, which finding then permitted the ALJ to make a commonsense judgment about the RFC." *Id.* at *3.

The same is true here. As the ALJ correctly stated, Burkholder "underwent conservative treatment modalities" for her lumbar degenerative disc disease and "was routinely noted to have 5/5 strength throughout and walked with a normal gait." (Doc. No. 14 at 639). While the ALJ acknowledged that the impairment caused her pain, (*id.* at 639), Burkholder admitted the back pain caused by this impairment was "just very sporadic" and "not anything … a couple Tylenol doesn't help." (*Id.* at 655-56). With respect to functional limitations specifically, Burkholder testified that she experienced "occasional" back pain after standing for around an hour, sitting on the floor, and laying on her stomach, but walked for exercise and could lift "anywhere from 10 to 40 pounds" on a nautilus machine. (Doc. No. 14 at 655-57).

Because this evidence shows Burkholder's lumbar degenerative disc disease caused "relatively little physical impairment," the ALJ was not required to solicit a medical opinion to speak to any functional limitations caused by this impairment but could "render a commonsense judgment." *Deskin*, 605 F. Supp. 2d at 912. She did so when concluding Burkholder's degenerative disc disease limited her to "perform[ing] light work as defined in 20 CFR 404.1567(b)." (Doc. No.

6

14 at 630). Contrary to Burkholder's argument, a subsequent reviewer need not conclude the ALJ improperly interpreted raw medical data when making this determination. Instead, the ALJ's discussion of the medical evidence and Burkholder's testimony clearly explains her reasoning. After reviewing the ALJ's decision and considering the record, I conclude substantial evidence supports the ALJ's RFC determination.

## V.    Conclusion

For the foregoing reasons, I adopt Judge Henderson's recommendation that the Commissioner's decision be affirmed and close this case.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge
